JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *MMassey@GGTrialLaw.com*

*Attorneys for Plaintiff Filiberto Guzman Escobar*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FILIBERTO GUZMAN ESCOBAR, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(1) TORTIOUS DISCHARGE;**<br>**(2) NEGLIGENT SUPERVISION & RETENTION;** |
| PAUL JOHNSON DRYWALL LLC, a Delaware corporation; PAUL JOHNSON DRYWALL, INC., an Arizona corporation, | **(3) DISCRIMINATION (N.R.S. § 613.330);**<br>**(4) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);** |
| Defendants. | **(5) HARASSMENT (N.R.S. § 613.330);**<br>**(6) HARASSMENT (42 U.S.C. § 12112 *et seq.*);**<br>**(7) RETALIATION (N.R.S. § 613.340);**<br>**(8) RETALIATION (42 U.S.C. § 12203 *et seq.*);**<br>**(9) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);**<br>**(10) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A));**<br>**(11) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Filiberto Guzman Escobar ("Plaintiff" or "Mr. Guzman Escobar") alleges as follows:

## JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 *et seq.* and 42 U.S.C. § 12203 *et seq.* The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

## NATURE OF THE ACTION

4.    Mr. Guzman Escobar began working for Paul Johnson Drywall in Customer Service around September 2024. On or about December 20, 2024, Mr. Guzman Escobar suffered disabling workplace injuries requiring medical restrictions. Despite documented restrictions, Paul Johnson Drywall assigned physically demanding work violating his accommodations. Thereafter, Mr. Guzman Escobar's supervisors subjected him to disability-based harassment. On or about March 26, 2025, after complaining about accommodation violations, Mr. Guzman Escobar was terminated in discrimination based on his disabilities and in retaliation for his protected activities.

## PARTIES

5.    Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

6.    Defendant Paul Johnson Drywall LLC is a Delaware limited liability company that conducts business in Clark County.

7.    Defendant Paul Johnson Drywall, Inc. is an Arizona corporation that conducts business in Clark County.

8.    Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. will be hereafter collectively referred to as "Paul Johnson Drywall."

/ / /

-2-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**FACTUAL ALLEGATIONS**

9.     In or around September 2024, Mr. Guzman Escobar began working as a Customer Service employee for Paul Johnson Drywall, performing repairs including paint, drywall, and detailing homes.

10.     On or about December 20, 2024, Mr. Guzman Escobar suffered a workplace injury when he fell downstairs while on the job, resulting in a fractured back, broken ribs, right knee injury, and right ankle injury.

11.     That same date, Mr. Guzman Escobar filed a workers' compensation claim and was immediately placed on light duty with medical restrictions.

12.     Between January 2025 and March 2025, despite Mr. Guzman Escobar's documented medical restrictions, Paul Johnson Drywall assigned him physically demanding tasks that violated his doctor's orders, including installing baseboards, carrying buckets of paint that weighed over 20 pounds, and cleaning windows at a significant height that required the use of a ladder.

13.     During this period, supervisors Antonio and Junior subjected Mr. Guzman Escobar to harassment and discriminatory comments about his disability status, stating "he wasn't sick," "he wasn't useful," and "no sirves para trabajar" (which loosely translates to "you don't qualify to work here").

14.     On or about March 26, 2025, after arriving late and receiving a verbal warning, Mr. Guzman Escobar complained to management about being assigned work that violated his medical restrictions, requesting to return to appropriate light duty. In response, Mr. Guzman Escobar's manager failed to engage in an interactive process and failed to reasonably accommodate him.

15.     On or about March 26, 2025, approximately one hour after Mr. Guzman Escobar's complaint to management about his accommodation needs, Paul Johnson Drywall terminated his employment. Plaintiff's termination of employment was in discrimination based on his disabilities and retaliation for his protected activities.

16.     *Summary of Plaintiff's Protected Statuses and Activity*: Mr. Guzman Escobar suffered from workplace-related disabilities including spinal injuries (fractured back), thoracic injuries (broken ribs), right knee strain, and right ankle strain that required ongoing medical

-3-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

restrictions. Mr. Guzman engaged in protected activities by filing a workers' compensation claim for his workplace injuries, requesting reasonable accommodations for his disabilities, and complaining about the failure to provide him with reasonable accommodations for his disabilities.

17. On October 23, 2025, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On November 14, 2025, the EEOC closed Plaintiff's case without making findings and issued him an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

18. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

19. *Reckless Indifference and Conscious Disregard*: Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

20. *Malice*: The conduct of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. was committed with malice, including that (a) Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

21. *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. against Plaintiff were cruel and subjected him to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment,

or the economic and emotional distress such harassment and discrimination would cause.

22.    *Fraud:* In addition, and/or alternatively, the conduct of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., as alleged, was fraudulent, including that Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive him of legal rights or otherwise injure Plaintiff.

23.    Further, Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

### Tortious Discharge

**(Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc.)**

24.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

25.    Plaintiff was employed by Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc..

26.    Plaintiff suffered a workplace injury and informed Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. of the same, triggering an obligation to file a workers' compensation claim on Plaintiff's behalf.

27.    Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. had actual or constructive knowledge of Plaintiff's actions.

28.    The decision of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. to discharge plaintiff was proximately caused by Plaintiff's actions and was in derogation of the public policy of the State of Nevada.

29.    Due to this action, it has been necessary for Plaintiff to expend court costs to pursue

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

30.     The acts of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., and to make an example of and deter Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

### Negligent Supervision & Retention

### (Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc.)

31.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

32.     Plaintiff was employed by Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc..

33.     Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. had a duty to use reasonable care in supervising and retaining employees who would be interacting with Plaintiff and other employees.

34.     Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. breached this duty by: a. Failing to properly train employees on appropriate workplace conduct and compliance with labor laws; b. Failing to adequately supervise employees to ensure they were not engaging in unlawful practices; c. Failing to investigate complaints or reports of misconduct by employees; and, d. Retaining employees known or should have known were engaging in unlawful practices.

35.     As a direct and proximate result of the actions of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., Plaintiff has and will continue to suffer harm, including lost earnings, salary, and other job benefits, and humiliation, embarrassment, and emotional distress,

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

according to proof.

36.     Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

37.     The acts of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., and to make an example of and deter Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. from engaging in such conduct in the future.

## THIRD CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

### (Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc.)

38.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

39.     Plaintiff was employed by Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

40.     The acts and omissions of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

41.     Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

-7-

42. Plaintiff charges that Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. discriminated against the Plaintiff based on his protected status or statuses.

43. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

44. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

45. The acts of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., and to make an example of and deter Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. from engaging in such conduct in the future.

## FOURTH CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc.)**

46. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

47. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

48. Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

49.     Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

50.     Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

51.     Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. took adverse employment actions against Plaintiff because of his disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

52.     The discriminatory acts of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

53.     The discriminatory acts of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

54.     The acts of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., and to make an example of and deter Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. from engaging in such conduct in the future.

55.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**FIFTH CLAIM FOR RELIEF**

**Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.***

**(Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and**

**Paul Johnson Drywall, Inc.)**

56.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

57.     Plaintiff was employed by Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc..

58.     The acts and omissions of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

59.     Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and harass on the basis of his protected status or statuses is the type of injury prohibited by N.R.S. 613.330.

60.     Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on his protected status or statuses.

61.     The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

62.     Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

63.     At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

64.     Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. had a duty to prevent and promptly correct the harassing behavior. Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. breached this duty by failing to prevent the harassment, despite having

prior knowledge of the harassing conduct. Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. similarly breached its duty by failing to remedy the harassment.

65. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

66. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., and to make an example of and deter Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. from engaging in such conduct in the future.

67. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## SIXTH CLAIM FOR RELIEF

**Workplace Harassment in Violation of 42 U.S.C. § 12112 *et seq.***

**(Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc.)**

68. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

69. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

70. Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on disability.

71. Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from harassing qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

-11-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

72.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on his disability.

73.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

74.    Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

75.    At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

76.    Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. had a duty to prevent and promptly correct the harassing behavior. Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. similarly breached its duty by failing to remedy the harassment.

77.    As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

78.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., and to make an example of and deter Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. from engaging in such conduct in the future.

79.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### SEVENTH CLAIM FOR RELIEF

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc.)**

80. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

81. Plaintiff was employed by Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc..

82. Plaintiff engaged in protected activity.

83. Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. was aware of Plaintiff's protected activity.

84. After engaging in protected activity, Plaintiff suffered an adverse employment action.

85. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

86. The conduct of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

87. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., and to make an example of and deter Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. from engaging in such conduct in the future.

-13-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

88.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

### EIGHTH CLAIM FOR RELIEF

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

**(Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc.)**

89.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

90.     Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

91.     Plaintiff was an "employee" of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., as defined by 42 U.S.C. § 12111(4).

92.     Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. was an employer, as defined by 42 U.S.C. § 12111(5), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq.* as well as against any person for requesting an accommodation as provided under the same the statute.

93.     Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq.* and/or requested an accommodation as provided under the same statute.

94.     As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

95.     The conduct of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

-14-

96.    The conduct of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits,  in an amount according to proof at trial.

97.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## NINTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and**

**Paul Johnson Drywall, Inc.)**

98.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

99.    Plaintiff was employed by Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., as defined by N.R.S. § 613.310.

100.    Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq.* Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

101.    Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

102.    Plaintiff requested reasonable accommodation for his disability.

103.    Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. failed to provide reasonable accommodation for Plaintiff's disability.

104.    The failure of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

105.    The acts of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental

-15-

and physical pain and anguish, in an amount according to proof at trial.

106. The acts of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., and to make an example of and deter Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. from engaging in such conduct in the future.

107. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## TENTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc.)**

108. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

109. Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

110. Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

111. Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

112. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

113. Plaintiff requested reasonable accommodation for his disability.

114. Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. failed to provide reasonable accommodation for Plaintiff's disability.

-16-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

115. The failure of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

116. The acts of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

117. The acts of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc., and to make an example of and deter Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. from engaging in such conduct in the future.

118. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

119. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**ELEVENTH CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress**

**(Plaintiff Filiberto Guzman Escobar against Defendants Paul Johnson Drywall LLC and**

**Paul Johnson Drywall, Inc.)**

120. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

121.    By its actions described hereinabove, Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

122.    The conduct of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

123.    The actions of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Defendants Paul Johnson Drywall LLC and Paul Johnson Drywall, Inc. were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

124.    Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-18-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.      Emotional distress damages;

3.      Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4.      For an award of reasonable attorneys' fees and costs incurred in this action;

5.      For pre-judgment and post-judgment interest, as provided by law; and

6.      For other and further relief as the Court may deem just and proper.

DATED: January 7, 2026                    **GREENBERG GROSS LLP**

By:   */s/ Jemma E. Dunn*
      JEMMA E. DUNN
      Nevada Bar No. 16229
      MATTHEW T. HALE
      Nevada Bar No. 16880
      MARIAN L. MASSEY
      Nevada Bar No. 14579
      1980 Festival Plaza Drive, Suite 730
      Las Vegas, Nevada 89135
      Telephone: (702) 777-0888

      *Attorneys for Plaintiff Filiberto Guzman Escobar*

-19-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Filiberto Guzman Escobar hereby demands a jury trial.


DATED: January 7, 2026                    GREENBERG GROSS LLP



By:    */s/ Jemma E. Dunn*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888

*Attorneys for Plaintiff Filiberto Guzman Escobar*

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL